**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY CHARLES, | : | |
| | : | |
| Appellant | : | No. 3197 EDA 2017 |

Appeal from the PCRA Order September 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002094-2007,
CP-51-CR-0005612-2007, CP-51-CR-0005630-2007,
CP-51-CR-0005636-2007, CP-51-CR-0005639-2007,
CP-51-CR-0005641-2007

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 27, 2018**

Larry Charles appeals *pro se*[1] from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant sexually abused six young girls on numerous occasions between 1999 and 2007.  Their ages ranged from five- to sixteen-years-old. Following the entry of *nolo contendre* pleas, he was convicted of multiple counts of rape, involuntary deviate sexual intercourse, and related sexual crimes.[2]  On December 20, 2007, he was sentenced to a term of twenty-five

---

[1] At the time of his crimes, Appellant was a criminal defense attorney practicing in the Philadelphia area.

[2] Appellant was designated as a sexually violent predator.

to fifty years imprisonment. This Court affirmed his judgment of sentence, and on November 16, 2010, the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Charles**, 4 A.3d 181 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 12 A.3d 751 (Pa. 2010). Appellant did not seek review in the Supreme Court of the United States. Appellant filed a timely *pro se* PCRA petition which, following appointment of counsel and the filing of an amended petition, was ultimately dismissed in 2012. This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Charles**, 60 A.3d 574 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1243 (Pa. 2013).[3]

On July 19, 2016, Appellant filed the instant PCRA petition, his second. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response thereto. On September 6, 2017, the PCRA court entered an order dismissing the petition. This timely appeal followed.

Appellant raises the following issue for our review: "Was the Appellant's right to due process of law violated when the [PCRA] court refused to vacate his mandatory minimum sentences when the court has the authority to vacate said sentences according to the PCRA statute, Pennsylvania common law, and

---

[3] Appellant indicates in his brief that he filed a petition for *habeas corpus* relief in federal court, which was ultimately unsuccessful.

the Pennsylvania Constitution?" Appellant's brief at 4 (unnecessary capitalization omitted).

Our standard of review of the dismissal of a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

Before considering the merits of Appellant's claims, we must first determine whether the PCRA court correctly concluded that because Appellant's PCRA petition was not filed within the time limits required by the PCRA, the court lacked jurisdiction to consider the petition. The timeliness of a post-conviction petition is jurisdictional, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3).

Appellant's judgment of sentence became final on February 14, 2011, when the period of time to seek *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also* U.S.Sup.Ct.R. 13.1. Thus, Appellant had until February 14, 2012, to file a timely PCRA petition. The instant PCRA petition, filed on July 19, 2016, is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *see also Albrecht*, *supra* at 1094.

Here, the PCRA court determined that Appellant failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* PCRA Court Opinion, 9/6/17, at unnumbered 1. The court further ruled that, to the extent Appellant's petition could be construed as invoking the newly-recognized constitutional right exception at 42 Pa.C.S. § 9545(b)(1)(iii), his reliance on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), was unavailing. *See* PCRA Court Opinion, 9/6/17, at unnumbered 1. Specifically, the PCRA court ruled that Appellant failed to file his petition within sixty days

of the **Montgomery** ruling, as required by 42 Pa.C.S. § 9545(b)(2).[4]  PCRA Court Opinion, 9/6/17, at unnumbered 1.  The PCRA court further ruled that, although the instant petition was filed within sixty days of the Court's ruling in **Wolfe**, "the **Wolfe** decision neither constitutes a newly recognized constitutional right under the PCRA nor extended the retroactive application of **Alleyne v. United States**, 133 S. Ct. 2151 (2013)."  PCRA Court Opinion, 9/6/17, at unnumbered 1.

We agree with the PCRA court's analysis.  **Wolfe** did not involve collateral proceedings.  Rather, **Alleyne** was decided after Wolfe had been found guilty but before he was sentenced.  On Wolfe's **direct appeal**, this Court *sua sponte* determined that his mandatory minimum sentence was illegal under **Alleyne**.  Unlike the defendant in **Wolfe**, Appellant's judgment of sentence became final two years before **Alleyne** was decided.  Thus, **Wolfe** is inapposite.  Moreover, in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), our Supreme Court held that **Alleyne** does not apply retroactively to cases pending on collateral review.

---

[4] Even if Appellant had filed his petition within sixty days of the **Montgomery** decision, we fail to see how it applies to his case.  In **Montgomery**, the Supreme Court of the United States ruled that the decision in **Miller v. Alabama**, 567 U.S. 460 (2012), announced a new substantive rule of constitutional law that states must apply retroactively, and clarified the limited circumstances in which a life-without-parole sentence is permissible for a crime committed when the defendant was a juvenile.  Appellant was neither a juvenile when he committed his crimes nor sentenced to a life-without-parole sentence.

As Appellant failed to plead and prove any timeliness exception to the PCRA's time bar, the PCRA court lacked jurisdiction to consider it. Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18